E-FILED
Friday, 25 September, 2026 03:32:43 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| MICHAEL GLOVER,<br>Plaintiff,<br><br>v.<br><br>KENT MARTIN, *et al.*,<br>Defendants. | Case No. 2:26-cv-02217-JEH |

**Merit Review Order**

Plaintiff, proceeding *pro se* and currently detained at the Coles County Jail ("Jail"), filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

**I**

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II**

Plaintiff files suit against Coles County Sheriff Kent Martin, Correctional Officer Christina Sokolenski, Thadeusa Lang, Nurses Michelle Gelinas and Ericka Roderick, Lieutenant Kari Beadles, Dr. Larkheart, and the Coles County Jail.

Plaintiff filed two grievances on November 21, 2024 and November 23, 2024, requesting to be placed in protective custody for his safety, but his requests were denied. Plaintiff alleges unidentified officers at the Jail failed to protect him.

On November 27, 2024, Plaintiff was attacked by three inmates and tried to defend himself. Defendant Lang tased Plaintiff, and Defendant Sokolenski jumped on Plaintiff's back, injuring his right shoulder. Plaintiff underwent surgery on his right shoulder on May 26, 2026. The Jail's doctor allegedly told Plaintiff nothing was wrong.

**III**

Since Plaintiff was a pretrial detainee rather than a convicted prisoner during the relevant period, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment. *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Based on his allegations, the Court finds that Plaintiff has alleged a Fourteenth Amendment excessive force claim against Defendant Lang for allegedly tasing him and against Defendant Sokolenski for allegedly jumping on his back and injuring his right shoulder on November 27, 2024. To state an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). "[O]bjective reasonableness turns on the facts and circumstances of each particular case." *Id.* at 397; *see also Mays*, 974 F.3d at 819.

Plaintiff fails to state a claim against the remaining Defendants. Plaintiff does not identify the officers who allegedly failed to protect him after he submitted

two grievances asking to be placed in protective custody. Plaintiff alleges he had surgery on his shoulder "after Coles County Jail Doctor told [him] nothing was wrong." (Doc. 1 at p. 7). It is unclear if the doctor Plaintiff is referring to is Defendant Dr. Larkheart. In any event, the allegations against the doctor are too sparse to establish a constitutional claim. Plaintiff names Nurses Gelinas and Roderick and Lieutenant Beadles as Defendants, but he does not include any specific allegations against them in his Complaint.

Plaintiff also does not include any specific allegations to demonstrate that Defendant Sheriff Martin was personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Martin cannot be liable based only his supervisory position as Coles County Sheriff. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If Jail officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Defendants Martin, Gelinas, Beadles, Roderick, and Larkheart are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Finally, Plaintiff names the Jail as a Defendant, but the Jail is not a "person" amenable to suit under § 1983. *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001); *see*

*also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("'Sangamon County Jail' is not a 'person' that may be sued under § 1983"). Defendant Coles County Jail is dismissed with prejudice.

**IV**

Plaintiff filed a Motion to Request Counsel (Doc. 5) and a supporting Exhibit (Doc. 7) asking the Court to appoint an attorney to represent him. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). When evaluating a Motion to Request Counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 655.

Plaintiff contacted the Redwood Law Office and Loevy & Loevy, but the law firms declined to represent him. (Doc. 7). Plaintiff has not demonstrated a reasonable attempt to secure his own lawyer by contacting only two law firms. Demonstrating a reasonable effort to obtain representation typically requires submitting letters from several attorneys declining assistance and copies of any documents which show Plaintiff tried to find an attorney. *See Olson*, 750 F.3d at 711. Because Plaintiff has not satisfied the first prong of *Pruitt*, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

Plaintiff's Motion is DENIED, with leave to renew. If Plaintiff renews his Motion, he is directed to attach additional copies of letters he sent to or received from prospective counsel, list the attorneys or law firms he contacted, and indicate whether he received a response.

**IT IS THEREFORE ORDERED:**

1) According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff alleged sufficient facts to proceed on a Fourteenth

Amendment excessive force claim against Defendant Thadeusa Lang for allegedly tasing him and against Defendant Christina Sokolenski for allegedly jumping on his back and injuring his right shoulder on November 27, 2024. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Kent Martin, Michelle Gelinas, Kari Beadles, Ericka Roderick, and Larkheart are DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Defendant Coles County Jail is DISMISSED WITH PREJUDICE. The Clerk is directed to TERMINATE Defendants Martin, Gelinas, Beadles, Roderick, Larkheart, and Coles County Jail.

3) Plaintiff's Motion to Request Counsel [5] is DENIED.

4) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and

subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered. If Defendants have not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

7) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of Defendants' forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Defendants' counsel is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Defendants' counsel shall arrange the time for the deposition.

10) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Plaintiff shall be provided a copy of all pertinent medical records upon request.

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

*It is so ordered.*

Entered: September 25, 2026

s/Jonathan E. Hawley
U.S. District Judge